IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY O. KIRBY ) | |
| doing business as ) | |
| AOK SEAFOOD AND MEAT COMPANY, ) | |
| Plaintiff, ) | 2:09-cv-1713 |
| ) | |
| v ) | |
| ) | |
| BURTON NEIL AND ASSOCIATES, LLC, ) | |
| BURTON NEIL, ESQ., and DEREK BLASKER, ) | |
| ESQ. ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Pending before the Court is Defendants' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (Document No. 11).[1] Defendants filed a memorandum of law in support of the motion. Plaintiff, who has appeared pro se, filed a response, a memorandum in opposition to the motion, and a RICO Case Statement (Document Nos. 13, 14, 15). Defendants have filed a reply brief (Document No. 16) and the motion to dismiss is ripe for disposition.

Factual and Procedural Background

Plaintiff Anthony Kirby owns and operates a small business known as AOK Seafood and Meat Company. Defendant Burton Neil & Associates ("Burton Neil") is a law firm that specializes in debt collection on behalf of Citigroup and related corporate entities. The other named Defendants are attorneys in the Burton Neil law firm. The substance of Kirby's

---

[1]On January 6, 2010, Defendants filed a MOTION TO DISMISS PLAINTIFF'S [ORIGINAL] COMPLAINT, OR IN THE ALTERNATIVE, TO STRIKE CERTAIN PARAGRAPHS AND PORTIONS OF PARAGRAPHS FROM THE COMPLAINT (Document No. 3). Subsequently, Plaintiff filed a First Amended Complaint. Accordingly, Defendants' motion to dismiss and/or strike the original complaint is **DENIED AS MOOT**.

allegations involves the process used by Citigroup to verify civil complaints used to initiate debt-collection lawsuits.  Plaintiff alleges that by having Citigroup's own personnel "verify" boilerplate terms in a complaint, Citigroup is evading the burden of having an individual who is subject to cross-examination on the various facts underlying each particular complaint. Amended Complaint ¶ 25.  Plaintiff alleges that Defendants helped coordinate this "questionable procedure."  *Id.*  Kirby also alleges that Defendants have employed the "account stated" doctrine as a procedural shortcut "to dispense with the bother" of having to prove that a valid contract existed with the borrower.  The Amended Complaint alleges that attorney Blasker filed an "account stated" claim against Kirby even though he had contested the account, and that a Citigroup employee provided a verification form even though he/she was not familiar with the underlying course of dealing between the parties.  As a result, Plaintiff alleges that his line of credit "has become dried."  ¶ 62.

The original complaint was filed in the Court of Common Pleas of Westmoreland County, Pennsylvania and was timely removed by Defendants to this Court.  The First Amended Complaint is 32 pages long, single-spaced, contains 182 numbered paragraphs, and asserts claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, common law fraud and conspiracy, and the Pennsylvania Unfair Trade Practices Consumer Protection Law ("UTPCPL"), 73 P.S. § 201.1 et seq.

Legal Analysis

Defendants' Motion to Dismiss presents three narrow, procedural challenges:  (1) that

Plaintiff failed to adequately aver the date of the injury or incident; (2) that the FDCPA claim is barred by the one-year statute of limitations; and (3) that Plaintiff failed to file a RICO Case Statement. The Court will address these contentions seriatim.[2]

1.   Date of Injury/Incident

Defendant contends that Plaintiff has not pled a sufficient date of injury to enable the court to determine that the case was initiated within the applicable statutes of limitation. Plaintiff, in response, notes that the dates of injury may be easily obtained by looking at the dates on the exhibits appended to and incorporated within the Amended Complaint. Plaintiff offers to promptly amend the complaint if the dates "are not already deemed obvious."

The Court concludes that the date of injury/incident has been adequately pled. As noted above, the Amended Complaint contains a very detailed and comprehensive factual recitation. The exhibits disclose that Defendant Blasker sent letters to Kirby on October 4, 2007, October 12, 2007 and December 5, 2007. Indeed, the facts in the complaint were sufficient enough for Defendants to challenge the FDCPA statute of limitations. It is relatively clear that the limitations periods applicable to the remaining claims have not expired. Defendants may obtain more specific details regarding the date of injury through discovery and raise this issue again at the summary judgment stage, if warranted. This aspect of Defendants' motion is **DENIED**.

---

[2]The Court harbors some misgivings as to the ultimate substantive validity of Plaintiff's claims. For example, the use of an "account stated" cause of action and an improper verification form appear to be thin reeds upon which to rest a RICO claim. Nevertheless, as Defendants have not raised these issues, resolution must await a future occasion.

2.	FDCPA Claim

Claims under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).  The original complaint in this case was filed in state court on August 31, 2009 – substantially more than one year following the alleged violation in 2007 or early 2008.  Indeed, Plaintiff does not contend that the FDCPA claim is timely, but merely argues that this conduct is still relevant to the RICO claim.  Accordingly, Defendants' motion to dismiss the FDCPA claim is **GRANTED**.

3.	RICO Case Statement

Defendants request that the RICO claim be dismissed or, in the alternative, that Plaintiff be required to file a RICO Case Statement.  Shortly after Defendants' filing, Plaintiff did so.  Therefore, this aspect of Defendants' motion to dismiss is **DENIED AS MOOT**.

Conclusion

In accordance with the foregoing, Defendants' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (Document No. 11) is **GRANTED IN PART AND DENIED IN PART**.  The FDCPA claim is dismissed with prejudice as untimely and the motion is DENIED in all other respects.  Defendants shall file an Answer to the Amended Complaint on or before May 10, 2010.

SO ORDERED this 26th day of April, 2010.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:    ANTHONY O. KIRBY
       P.O. Box 409
       New Alexandria, PA 15670
           By U.S. Mail

       Danielle M. Vugrinovich, Esquire
       Email: dmvugrinovich@mdwcg.com
           By CM/ECF